IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TRACY RAY GIBSON | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-188 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tracy Ray Gibson, a prisoner currently confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The petitioner reiterates the issues raised in his petition. After careful consideration of the pleadings and the relevant case law, the court concludes that the petitioner's objections lack merit for the reasons stated in the magistrate judge's report and recommendation.

The petitioner also filed a motion for reconsideration, which the court liberally construes as objections to the report and recommendation. The petitioner contends that he was denied legal representation when the trial court entered a *nunc pro tunc* judgment on October 9, 2007. Regardless of whether entry of a *nunc pro tunc* judgment is a critical stage of the proceedings such that the petitioner was entitled to counsel, the petitioner was not harmed in this instance by the lack of counsel because the judgment was set aside by the Texas Court of Criminal Appeals.

Next, the petitioner contends that the trial court altered the indictment by crossing through the word "aggravated" in the title of the indictment. This claim lacks merit because the indictment that is part of the official court record does not contain such an alteration.

The petitioner claims that he was denied the right to represent himself during the second plea proceeding. The record reflects that, two days after his sentencing, the Texas Court of Criminal Appeals received a letter from the petitioner in which he wrote that he wanted to dismiss his attorney and represent himself. However, the criminal docket does not reflect that the petitioner ever made such a request in the trial court. Further, the petitioner did not claim that he was denied his right to self-representation in any of his state court proceedings. The petitioner raised the issue for the first time in his motion for reconsideration. Because the claim that he was denied the right to self-representation is unexhausted, and the petitioner has defaulted the claim in state court by failing to follow applicable state procedural rules, the claim may not be reviewed in federal court.

Finally, the petitioner contends that the court should have the petitioner evaluated to determine whether he is competent because the magistrate judge found that he was not a credible witness. The petitioner has not alleged any facts demonstrating that he was not competent at the time of the hearing. In fact, the transcript from the hearing reflects that the petitioner testified intelligently

and that he was able to participate in the proceedings. The magistrate judge's finding that the petitioner was not a credible witness is supported by the record, but that finding does not call into question the competence of the petitioner.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions

3

presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, the petitioner's objections (document nos. 71 and 74) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (document no. 68) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**So Ordered and Signed**
Dec 6, 2019

_____
Ron Clark, Senior District Judge